## Pacific Express Company, Appellee, v. Spaulding & Company, Appellant.

### Gen. No. 21,917.  (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed May 29, 1915. Rehearing denied June 13, 1916.

### Statement of the Case.

Action by Pacific Express Company, plaintiff, against Spaulding & Company, defendant, for damages based on alleged fraud and deceit of defendant. From a judgment for plaintiff, defendant appeals.

Plaintiff, a common carrier, brought suit alleging that defendant delivered to it a parcel for shipment and wrongfully stated its value to be not exceeding $50; that it was consigned to Henry Plaff, of El Paso, Texas; that while in transit it was destroyed, through no fault of plaintiff; that Plaff brought suit against the plaintiff Express Company for the value of the contents of the parcel and had judgment for $538, which on appeal was affirmed, and subsequently the Express Company paid said judgment with interest and costs. It was further alleged that plaintiff, a common carrier, was obligated for a less degree of care during transit for goods valued at $50 or less than for goods of greater value, and because of the value wrongfully placed on said parcel by defendant, plaintiff gave the less degree of care to the parcel, hence its destruction; that this was fraud and deceit on the part of defendant which caused plaintiff to sustain damages.

The evidence showed that the shipping clerk for defendant delivered the parcel to plaintiff for shipment and took from plaintiff a receipt; that plaintiff did not ask for any valuation of the goods and no value was given. The printed receipt contained this:

"The said Pacific Express Company shall not be liable for * * *. Nor for any loss or damage to said property exceeding the sum of $50 which sum, or any other sum herein stated, is the value of the property agreed upon as the basis of charges for the service undertaken, and to which the charges are in fact graduated, and the risk of this company limited, unless the just and true value thereof is otherwise herein stated."

The shipping clerk testified he was familiar with the terms of the receipt. There was other evidence offered tending to show knowledge on the part of the defendant of this provision, which evidence the court refused to admit.

C. C. COLLINS, for appellant.

JOHN GIBSON HALE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 182*—*when evidence of knowledge of existence of provision in receipt limiting liability to certain sum admissible in action against shipper for fraud.* In an action by a carrier, based on fraud and deceit of a shipper in delivering to it for shipment goods of a value greater than $50 without stating the value thereof, to recover damages sustained by the recovery of a judgment against it by the consignee for loss of the shipment, evidence of knowledge by the shipper's shipping clerk that the receipt for the shipment contained a provision limiting the carrier's liability to $50, unless the true value exceeding that amount be stated, is admissible.

2. CARRIERS, § 134*—*who may sue for loss of goods in transit.* On delivery to a carrier of a shipment purchased by the consignee he becomes the owner thereof, and alone can recover for loss in transit caused by carrier's negligence.

3. CARRIERS, § 172*—*when consignee not bound by restrictions in bill of lading.* Without authority from the consignee to do so, the consignor cannot bind the consignee by restrictions in the bill of lading.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. CARRIERS, § 168*—*what does not constitute actionable fraud or deceit by consignor.* Delivery of shipment to carrier by consignor, without stating the value thereof, though he knows there is a clause in the receipt limiting carrier's liability to $50 in case a higher value is not given, does not amount to fraud and deceit entitling the carrier to recover damages sustained by recovery of a judgment against it by the consignee for loss of shipment.

5. JUDGMENT, § 502*—*when judgment by consignee against carrier for negligence conclusive in action by carrier against consignor.* Where a consignee has recovered judgment against a carrier for loss of shipment caused by the latter's negligence, such carrier cannot recover damages sustained thereby of the consignor based on his fraud and deceit in not stating the true value of the shipment under contract limiting carrier's liability to a certain amount unless such shipment is valued in excess thereof.